NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (CBN: 274184)
Assistant United States Attorneys
Asset Forfeiture Section
    312 North Spring Street, 14th Floor
    Los Angeles, California 90012
    Telephone: (213) 894-3391
    Facsimile: (213) 894-0142
    Email: John.Kucera@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>$3,374,918.61 IN BANK FUNDS SEIZED FROM PROSPERITY BANK ACCOUNT '7188,<br><br>        Defendant. | No. CV 18-8578-RGK (PJWx)<br><br>**SUPPLEMENTAL STATUS REPORT ON STAYED CASE** |

    On October 23, 2018, this Court ordered this case stayed pending the conclusion of the related District of Arizona criminal case (*United Sates of America v. Lacey, et al.*, 18-CR-422-PHX-SMB), and ordered the Government to submit a status report every six months to allow the Court to monitor that related case (Dkt. No. 14). On April 23, 2019, the Government filed its first report regarding the status of the related criminal case; following the government's report, this Court further extended the stay.  Now, the Government files this Supplemental Status Report relating to the Movants' appeal of the

1 stay pending before the Ninth Circuit. (9th Cir. Case No. 18-56455
2 ("Appeal")).
3   On October 29, 2018, Movants filed a notice of appeal from the
4 stay order.  (Dkt.86). This Court is thus divested of jurisdiction to
5 alter the stay at this time.  Griggs v. Provident Consumer Disc. Co.,
6 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event
7 of jurisdictional significance—it confers jurisdiction on the court
8 of appeals and divests the district court of its control over those
9 aspects of the case involved in the appeal.").
10   In its briefing in the Ninth Circuit, the government
11 acknowledged that the stay was premature and did not seek to defend
12 it.  The government conceded that Movants are entitled to raise their
13 challenge to the sufficiency of the warrants based on Franks v.
14 Delaware, 438 U.S. 154, 171 (1978).  In addition, Movants argued in
15 their opening brief in the Ninth Circuit that this Court failed to
16 take into account their claimed First Amendment interests in granting
17 the stay.  Based on the government's concession and Movants'
18 challenge to the stay, the government has moved in the Ninth Circuit
19 for a limited remand to this Court to (1) determine whether Movants
20 have made the showing necessary to obtain a *Franks* hearing (and if
21 so, to conduct that hearing), (2) make threshold factual findings
22 necessary to address Movant's First Amendment claims, and (3)
23 determine whether a renewed stay is warranted under 18 U.S.C.
24 § 981(g).  (Appeal Dkt. Nos. 49, 54).  Movants opposed the limited
25 remand motion, arguing that the Ninth Circuit should address their
26 First Amendment claim and vacate the seizure warrants.  The Ninth
27 Circuit referred the limited remand motion to the merits panel and
28 ordered the government to file its answering brief.  The government

submitted its answering brief on May 1, 2019. Oral argument has been set for July 9, 2019.

The government respectfully requests that the Court's prior order staying all proceedings remain in place pending a ruling from the Ninth Circuit, with another status report due from the government within ten days after the Ninth Circuit issues its mandate.

Dated: May 3, 2019         Respectfully submitted,

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

　*/s/ John J. Kucera*
JOHN J. KUCERA
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA